IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WILLIAM RUSSELL SHAVER,        )
                               )
            Plaintiff,         )
                               )
v.                             )      Civil Action No.: 1:07cv00175
                               )
COOLEEMEE VOLUNTEER FIRE       )
DEPARTMENT,                    )
                               )
            Defendant.         )

**MEMORANDUM OPINION AND ORDER**

SCHROEDER, District Judge.

Plaintiff William Russell Shaver, proceeding *pro se*, alleges that he was wrongfully terminated as a "member" of the Cooleemee Volunteer Fire Department. Plaintiff's complaint seeks recovery under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e-1 through e-5 (2006) and "U.S.C. 103-160." Before the court is Defendant's Motion to Dismiss based on several grounds. (Doc. 10) For the reasons set forth below, the action will be dismissed.

**I.   FACTS**

For the purposes of Defendant's motion, the following facts from Plaintiff's Complaint are considered true and viewed in the light most favorable to the Plaintiff. Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994). On or around September 1, 2005, Plaintiff applied "for membership" as a firefighter and emergency medical technician in the Defendant volunteer fire department. (Doc. 2, ¶ 1) Plaintiff was accepted as a "probationary member" on

October 3, 2006, and became a "regular member" upon a vote of the majority of Defendant's members on March 6, 2006. (Doc. 2, ¶¶ 2, 3) On July 17, 2006, Defendant terminated Plaintiff's "membership" for "conduct unbecoming" a firefighter (Doc. 2, ¶ 4), based on a Myspace.com Internet webpage and blog Plaintiff shared with his wife on which Defendant claimed she was "soliciting sex" (Doc. 2, ¶ 5), Plaintiff's practice of the Wicca religion (Doc. 2, ¶ 7), and Plaintiff's wife's bisexual orientation (Doc. 2, ¶ 6).

Plaintiff filed this lawsuit on March 9, 2007, seeking reinstatement as a volunteer firefighter for "no less [than] 10 years" and damages in the amount of $150,000 for "mental anguish and loss of his ability to enjoy his life." (Doc. 2) Defendant has moved to dismiss the complaint for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), insufficiency of process, Fed. R. Civ. P. 12(b)(4), insufficiency of service of process, Fed. R. Civ. P. 12(b)(5), and failure to state a claim, Fed. R. Civ. P. 12(b)(6).

## II. ANALYSIS

Defendant argues that Plaintiff's Complaint should be dismissed for insufficiency of process, Fed. R. Civ. P. 12(b)(4), because the summons named the "Cooleemee Volunteer Fire Department" as Defendant rather than "Cooleemee Volunteer Fire Department, Inc.," the Defendant's legal name. (Doc. 11, at 3) This court can exercise jurisdiction over the Defendant only if there is valid

2

service of process upon the Defendant. Armco, Inc. v. Penrod-Stauffer Bldg. Sys., 733 F.2d 1087, 1089 (4th Cir. 1984). Service is controlled by state law. Fed. R. Civ. P. 4(e). Under North Carolina law, a mistake in a party's name in a summons is not always a fatal error. Jones v. Whitaker, 59 N.C. App. 223, 225 (1982) (finding process was sufficient where summons named defendant "Shirley Sapp Whitaker" rather than "Sherrie Sapp Whitaker"). A discrepancy in the precise name of a defendant's organizational form also does not automatically render process legally insufficient. Harris v. Maready, 319 S.E.2d 912, 918 (N.C. 1984) (holding that summons that mistakenly identified law firm, a partnership, as a "P.A.," a professional association, could be corrected). Where the "misdescription does not leave in doubt the identity of the party to be sued," as here, it can be corrected by amendment during the suit. Id. at 919. Thus, Plaintiff's failure to describe Defendant as a corporation in the summons by including "Inc." at the end of its legal name, which was otherwise proper, is an error that is correctable and thus not fatal in itself. Defendant's Motion to Dismiss on this ground, therefore, is DENIED.

Defendant also argues, however, that process and service of process were insufficient under Rules 12(b)(4) and (5), Fed. R. Civ. P., because the summons and complaint were not directed to an "officer, director or agent" of Defendant. (Doc. 11, at 5) Service of process must comply with one of the statutory methods

3

specified under state law.  Thomas & Howard Co. v. Trimark Catastrophe Serv. Inc., 564 S.E.2d 569, 571 (N.C. App. 2002). Defendant is a North Carolina corporation, and Plaintiff elected to serve it with process by mailing.  North Carolina law requires service of process on a domestic corporation "by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent" of the corporation to be served.  N.C. Gen. Stat. § 1A-1, Rule 4(j)(6) (2007).  North Carolina law requires that service of process statutes be strictly construed and followed, and a plaintiff who fails to comply with them, even where actual notice occurs, does not properly serve the defendant.  Stack v. Union Reg'l Mem. Med. Ctr., Inc., 614 S.E.2d 378, 382 (N.C. App. 2005); Greenup v. Register, 410 S.E.2d 398, 400 (N.C. App. 1991); Broughton v. Dumont, 259 S.E.2d 361, 363 (N.C. App. 1979). "'Absent valid service of process, a court does not acquire personal jurisdiction over the defendant and the action must be dismissed.'"  Thomas & Howard, 564 S.E. 2d at 572 (quoting Glover v. Farmer, 490 S.E. 2d 576, 577 (N.C. App. 1997)).

This defect in Plaintiff's service is more problematic.  Here, the summons was directed solely to the corporate defendant and did not contain any direction to an "officer, director or agent." Plaintiff argues that the court should overlook this deficiency because the return receipt for the summons and Complaint was signed

4

by "Brian Williams," whom Plaintiff contends, and Defendant does not dispute, was the Fire Chief of the Defendant volunteer fire department. (Doc. 11, 16 & 17) Plaintiff also contends that the Defendant received actual notice, arguing in essence "no harm, no foul."

The filing of a lawsuit is a serious event, irrespective of its merit. Service rules are structured to ensure due process and uniformity in the application of procedures which alert those receiving a corporation's mail that the enclosed lawsuit demands prompt attention. These rules apply equally to litigants proceeding with or without counsel. Service of process is not freestyle, and courts are directed not to overlook procedural deficiencies just because actual notice occurred. Stack, 614 S.E.2d at 382; Hoyle v. United Auto Workers Local Union 5285, 444 F. Supp. 2d 467, 474 (W.D.N.C. 2006).

This case is nearly identical to Adams v. GE Money Bank, No. 1:06cv00227, 2007 WL 1847283, at *2-3 (M.D.N.C. June 25, 2007), where the *pro se* plaintiff mailed summonses addressed to two defendants, a corporation and a partnership, without directing the summonses to the statutory recipients (there, an "officer, director or managing agent" and "agent authorized by appointment or law to be served or to accept service of process"). There, too, the defendants received actual notice, which plaintiff argued should trump the service requirement. The Adams court, adhering to North

5

Carolina's state law requirement that service rules be strictly construed, rejected that argument and found that service was deficient despite actual notice. For the same reasons, service here was deficient. This court therefore lacks personal jurisdiction over the Defendant, and the Motion to Dismiss must be GRANTED. Fed. R. Civ. P. 12(b)(4), (5).[1]

---

[1] In addition to the deficiency in service, Plaintiff's claims suffer fundamental problems on the merits. Those defects are set forth herein for the benefit of Plaintiff, proceeding *pro se*, so he can understand that under applicable law it was not just the procedural defect of service that doomed his claims. First, Plaintiff's Title VII claim based on sexual preference is not cognizable under the statute. Hopkins v. Baltimore Gas & Elec. Co., 77 F.3d 745, 751-52 (4th Cir. 1996) (holding bisexuality orientation not protected under Title VII). Second, Plaintiff's own failure to have timely filed a written, verified charge of discrimination with the Equal Employment Opportunity Commission within the 180-day period and obtained a right-to-sue letter (Doc. 21) would have rendered this court unable to have entertained any Title VII claim, anyway. Davis v. N.C. Dep't of Corr., 48 F.3d 134, 140 (4th Cir. 1995); Ledbetter v. Goodyear Tire & Rubber Co., 550 U.S. __, 127 S.Ct. 2162, 2166-67 (2007); Sloop v. Mem. Mission Hosp., Inc., 198 F.3d 147, 149 (4th Cir. 1999). Even if that fatal defect could have been overcome, Plaintiff's Title VII claim failed to plead that as a volunteer he nevertheless received remuneration sufficient to come within Title VII's scope. See Haavistola v. Cmty. Fire Co. of Rising Sun, 6 F.3d 211, 219-22 (4th Cir. 1993) (holding status as an "employee" for purposes of Title VII is a question of fact that turns on whether the individual receives remuneration from his putative employer), *on remand*, 839 F. Supp. 372, 373 (D. Md. 1993) (determination of Title VII "employee" status rejected by jury). Thus, in the absence of such remuneration, Plaintiff would not have had a viable claim under Title VII anyway, a fact Plaintiff acknowledges the EEOC told him. (Doc. 21) Finally, Plaintiff's attempt to invoke "U.S.C. 103-160," the United States military's "don't ask, don't tell" policy, is futile, for the reasons explained by this court's decision filed today in Plaintiff's companion case, Shaver v. Davie County Public Schools, No. 1:07cv00176. National Defense Authorization Act for Fiscal Year 1994, P.L. 103-160, 107 Stat. 1547 (1993)(applies only to military personnel). The court expresses no opinion on whether Plaintiff could state a claim for termination based on his religious beliefs.

## III. CONCLUSION

For the reasons set forth herein, IT IS ORDERED and ADJUDGED that Defendant's Motion to Dismiss (Doc. 10) for insufficiency of process pursuant to Rule 12(b)(4), Fed. R. Civ. P., because of the naming of the Defendant, is DENIED; Defendant's Motion to Dismiss for insufficiency of process and service of process pursuant to Rules 12(b)(4) and (5), Fed. R. Civ. P., because of the failure to direct process to the statutory agents, is GRANTED, and the action is DISMISSED, WITHOUT PREJUDICE for lack of personal jurisdiction, pursuant to Rule 12(b)(2), Fed. R. Civ. P.

/s/ Thomas D. Schroeder
United States District Judge

Dated: April 7, 2008